Michael Friedland (State Bar No. 157,217)
mfriedland@kmob.com
Amy C. Chun (Bar No. 204052)
amy.chun@knobbe.com
Ali S. Razai (Bar No. 246,922)
ali.razai@knobbe.com
KNOBBE,   MARTENS,   OLSON   &
BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
Telephone:  949-760-0404
Facsimile:  949-760-9502

Boris Zelkind (State Bar No. 214,014)
boris.zelkind@kmob.com
KNOBBE,   MARTENS,   OLSON   &
BEAR, LLP
12790 El Camino Real
San Diego, CA  92130
Phone: (858) 707-4000
Facsimile: (858) 707-4001

Attorneys for Plaintiff
SUNPOWER CORPORATION

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNPOWER CORPORATION, a Delaware corporation, | Case No. |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **VIOLATION OF COMPUTER FRAUD AND ABUSE ACT;** |
| SUNEDISON, INC., a Delaware corporation; SHANE MESSER, an individual; KENDALL FONG, an individual; and VIKAS DESAI, an individual, | **TRADE SECRET MISAPPROPRIATION;** |
| | **BREACH OF CONTRACT;** |
| | **BREACH OF CONFIDENCE;** |
| | **CONVERSION;** |
| | **TRESPASS TO CHATTELS;** |
| Defendants. | **INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE;** |
| | **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;** |
| | **TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS;** |
| | **INDUCED BREACH OF CONTRACT;** |
| | **CONSPIRACY TO BREACH CONTRACT;** |
| | **BREACH OF DUTY OF LOYALTY; AND** |
| | **COMMON LAW AND STATUTORY UNFAIR COMPETITION** |
| | **DEMAND FOR JURY TRIAL** |

## REDACTED PUBLIC VERSION

Plaintiff SUNPOWER CORPORATION ("SunPower") hereby complains of Defendants SUNEDISON, INC. ("SunEdison"), SHANE MESSER ("Messer"), KENDALL FONG ("Fong"), and VIKAS DESAI ("Desai") (collectively, "DEFENDANTS"), and alleges as follows:

## JURISDICTION

1. This court has original subject matter jurisdiction over the claims in this action that relate to the Computer Fraud and Abuse Act pursuant to 18 U.S.C. §§ 1030(a)(2)(c), (a)(4), and (g) and 28 U.S.C. § 1331, as these claims arise under the laws of the United States. This Court has supplemental jurisdiction over the claims in the Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claim that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. This Court has personal jurisdiction over Defendants because each of the Defendants has a continuous, systematic, and substantial presence within this judicial district, including by committing the acts that form a substantial part of the events or omissions giving rise to SunPower's claims within this judicial district.

## VENUE

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the dispute occurred in this district, and this Court has personal jurisdiction over each of the parties as alleged throughout this complaint.

## INTRADISTRICT ASSIGNMENT

4. Assignment to the San Francisco Division is appropriate pursuant to Civil Local Rule 3-2(c) and 3-2(e) because a substantial part of the events that give rise to SunPower's claims occurred in San Mateo County, California, where SunEdison has its Solar Headquarters.

/ / /

/ / /

/ / /

-1-                                                                COMPLAINT

**THE PARTIES**

5.      Plaintiff SunPower is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business in this district at 77 Rio Robles, San Jose, CA 95134.

6.      SunPower is informed and believes, and thereon alleges, that SunEdison is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business in this district at 600 Clipper Drive, Belmont, CA 94002.

7.      SunPower is informed and believes, and thereon alleges, that Messer is an individual currently residing in Colorado.

8.      SunPower is informed and believes, and thereon alleges, that Fong is an individual currently residing in the Northern District of California.

9.      SunPower is informed and believes, and thereon alleges, that Desai is an individual currently residing in the Northern District of California.

**STATEMENT OF FACTS**

10.      Founded nearly 30 years ago and headquartered in Northern California, SunPower is a leading global energy services provider.  SunPower has a history of pioneering breakthrough technologies and continues to design and deliver high quality solar cells and solar panels that are unmatched in reliability, efficiency and performance.

11.      SunPower designs, manufactures, installs and distributes high efficiency solar panels systems for residential and commercial markets, as well as power plant-scale arrays around the world.

12.      SunPower has spent a significant amount of time and effort to amass and grow its distribution and sales channels, including the cultivation of its ongoing relationships with dealers who offer SunPower products and financial institutions that help provide funding to consumers who want to use SunPower products.  SunPower's efforts have included highly sensitive and confidential activities such as conducting internal competitive analyses, generating market projections, developing negotiation strategies, calculating term sheets for

/ / /

1  its dealers and financial partners, as well as forming internal back-end architectures

2  customized and tailored to support and manage its business.

3        13.    From 2011 to 2014, over 20 employees from SunPower's offices in Italy,

4  Spain and the United States left SunPower to join SunEdison, one of SunPower's direct

5  competitors.   During this same timeframe, several former SunPower employees contacted

6  their former colleagues at SunPower to solicit and encourage them to leave SunPower to join

7  SunEdison.   In addition, near the end of their employment with SunPower, several of the

8  former SunPower employees electronically copied large sets of documents from the

9  SunPower computers and servers.   In fact, on May 25, 2015, the Court of Milan found that

10  former SunPower employees may have taken confidential information owned by SunPower

11  and disclosed it to SunEdison.   The Court of Milan issued an *ex parte* Order allowing

12  SunPower to search the contents of files, servers, personal computers, USB drives and CD-

13  ROMs belonging to SunEdison's Italian subsidiaries and seven former SunPower employees

14  now employed by SunEdison. The Order requires SunEdison to cooperate with the search for

15  SunPower's confidential information, including electronic data and physical documents.

16  SunPower is informed and believes, and thereon alleges, that Desai, SunEdison's President of

17  Residential and Small Commercial, personally solicited and encouraged some SunPower

18  employees to leave SunPower to join SunEdison.

19        14.    This action, in part, seeks relief for the theft of SunPower's highly confidential

20  information and trade secrets by two of SunPower's former employees in the U.S., Messer

21  and Fong, who left SunPower to work at SunEdison, in direct competition with SunPower.

22  SunPower is informed and believes, and thereon alleges, that Messer and Fong betrayed

23  SunPower's trust by stealing SunPower's trade secrets, including highly confidential and

24  propriety SunPower dealer information, distribution channel strategy information, market

25  research, sales roadmaps, and other highly confidential documents.   SunPower is informed

26  and believes, and thereon alleges, that Messer, Fong, and SunEdison are now using

27  SunPower's own trade secrets to compete with SunPower.

28  / / /

      **COMPLAINT**

15.     SunPower performed a forensic analysis of Messer and Fong's laptop computers and work accounts.  The results showed that right before leaving SunPower, hundreds or thousands of SunPower files were accessed under Messer's account and likely copied onto one or more removable devices.  The results also showed that over 9,500 files were accessed under Fong's account from a SunPower computer or server during his last six weeks at SunPower, with over 4,000 files being accessed in a 80-minute span three weeks before his final day.  These SunPower files were likely copied onto a removable device or into an unauthorized, non-SunPower storage location.  The copied and accessed files included numerous highly confidential files as well as SunPower's trade secrets, including information directly relevant to Messer and Fong's new employment with SunEdison. During their employment with SunPower, Messer and Fong each executed employment contracts, agreeing to certain obligations, including keeping SunPower confidential and trade secret information confidential; returning to SunPower confidential or trade secret information in their possession; and refraining from recruiting SunPower employees for a period of two years following termination.

**A.     The SunPower Employment Agreements and Policies**

16.     Messer was employed at SunPower from July 12, 2007 through July 29, 2011.  As of Messer's last day of employment with SunPower, his title was Area Sales Manager.  As part of his employment at SunPower, Messer agreed to, signed, and undertook the obligations set forth in the SunPower Agreement Concerning Proprietary Information and Inventions ("Messer Agreement"), attached hereto as Exhibit A.

17.     Fong was employed at SunPower from April 22, 2009 through August 19, 2013.  As of Fong's last day of employment with SunPower, his title was Senior Director, Global Brand.   As part of his employment at SunPower, Fong agreed to, signed, and undertook the obligations set forth in the SunPower Agreement Concerning Proprietary Information and Inventions ("Fong Agreement"), attached hereto as Exhibit B.

/ / /

/ / /

18.     By agreeing to and signing the SunPower Agreement Concerning Proprietary Information and Inventions, Messer and Fong each assumed certain obligations as a condition of their employment at SunPower, including the following:

a.     Messer and Fong each acknowledged that they would have access to proprietary information concerning SunPower's business or activities, including research and development work, new product, and other service design and development material, market plans, and other proprietary information of SunPower.

b.     Messer and Fong each agreed that, during and after their employment at SunPower, they would not utilize any such information as described above for their own or others benefit or to disclose any such information to which they may have access to anyone outside SunPower, unless otherwise authorized in writing by SunPower.

c.     Messer and Fong each agreed that, upon termination, they would return to SunPower all SunPower information of the kind thereof, in whatever form or medium, including all copies.

d.     Messer and Fong each agreed to refrain from engaging in any business or activity that is either competitive with, or places them in a conflict with the full, faithful, and efficient discharge of their employment duties at SunPower.

e.     Messer and Fong each agreed that disputes relating to the SunPower Agreement Concerning Proprietary Information and Inventions would be governed and construed according to the laws of the State of California, without regard to its conflict of interest laws.

19.     During Messer and Fong employment at SunPower, SunPower had several policies in place governing the use of SunPower computers and related equipment, including for example the "Acceptable Use of SunPower Information Resources" policy, attached hereto as Exhibit C, the "Information Access Control Practices" policy, attached hereto as Exhibit D, the "Information Classification, Labeling, and Handling" policy, attached hereto as Exhibit E, and the "File Storage and Transfer Guidelines" policy, attached hereto as Exhibit F (collectively, "SunPower Computer Policies").   As part of their employment,

Messer and Fong were given copies of the SunPower Computer Policies.  Messer and Fong were each informed of and subject to the obligations set forth in the SunPower Computer Policies, including the following:

a.      Messer and Fong were each required to protect SunPower's intellectual property and keep it confidential.

b.      Messer and Fong were each required not to forward, provide access, store, distribute, and/or process SunPower confidential information to unauthorized people or places, or post SunPower confidential information on Internet bulletin boards, chat rooms, or other electronic forums.

c.      Messer and Fong were each prohibited from accessing SunPower information resources, company records, files, information, or any other data when there is no proper, authorized, job-related need for such information.

d.      Messer and Fong were each prohibited from connecting any non-SunPower-owned equipment to SunPower's network.

e.      Messer and Fong were each prohibited from using USB drives (including flash memory, USB sticks, or external USB hard drives) for file storage or transfer.

20.      As part of the Messer and Fong Agreements, Messer and Fong agreed that SunPower had proprietary rights to SunPower's proprietary information ("SunPower's Proprietary Information"), which included confidential and non-confidential information, which was of the kind provided only to those few employees at SunPower having a need to know the information to carry out their work responsibilities.   SunPower's Proprietary Information included, but was not limited to, SunPower's trade secret information.

**B.      Access to SunPower's Confidential Information**

21.      As a result of their positions at SunPower, Messer and Fong were each privy to and obtained SunPower's Proprietary Information.

22.      SunPower's Proprietary Information includes ideas, techniques, systems, formulas, technical information, programs, know-how, copyrightable material, notes, records, drawings, designs, improvements, processes, and similar developments, including those

developed, created, discovered, made, written, or obtained by Messer, Fong and other SunPower employees.

23.     SunPower's Proprietary Information also includes computer programs, computer software, pricing lists, business plans, financial projections and reports, business strategies, internal operating procedures, other confidential business information, information concerning current or any future and proposed work, services or products, the fact that such work, services or products are planned, processes, process parameters, methods or practice of operations or sales or lease, schematics and related documentation, distribution lists, financial information, customer needs, dealer needs, market analysis, other compilations of information which relate to SunPower's business that are not general public information, SunPower's relations with its employees, including salaries, job classifications, and skill levels, financial sales and marketing data, financial, sales, marketing, and business plans or strategies, nonpublic pricing, and other information designated by SunPower as confidential.

24.     SunPower sells and leases its products to end-users through dealers. Over the years, SunPower has spent time, money, and effort developing and optimizing its dealer network. SunPower's Proprietary Information includes, among other things, information related to SunPower's dealer networks, including dealer lists, dealer satisfaction scores, dealer volumes, dealer rebates, dealer discounts, dealer pricing, dealer lending terms, dealer sales momentum, dealer cost structure, SunPower's profit realization from dealers in the network and other competitive information about SunPower's dealer network.

25.     SunPower connects its dealers with lenders as part of its loan option for end-users seeking to purchase SunPower's products. Over the years, SunPower has spent time, money, and effort developing a lender network. Moreover, SunPower has spent years negotiating competitive terms for the dealers that use SunPower's lenders. SunPower's Proprietary Information includes, its lender networks, including lender lists, lending terms, and other competitive information about SunPower's lender network.

26.     In 2012, SunPower began to confidentially develop an in-house financial portfolio management system to fully service its leases in-house, which was a significant

departure from the industry standard of outsourcing all lease servicing. SunPower spent considerable time, employee resources and millions of dollars developing, implementing, and customizing SunPower's in-house portfolio management system. SunPower's Proprietary Information includes, among other things, information relating to the unique system and processes that SunPower employs to handle the in-house servicing of SunPower's financial portfolio.

27. SunPower is headquartered in Northern California and its main computer servers and files are located in Northern California where large amounts of SunPower's Proprietary Information are stored. Select SunPower employees are also given SunPower computers where they also store SunPower's Proprietary Information.

28. SunPower employees regularly access data contained on these servers and computers. While employed by SunPower, Messer and Fong regularly accessed and modified SunPower files stored on SunPower's servers and computers, including SunPower's Proprietary Information.

**C. Messer**

29. SunPower is informed and believes, and thereon alleges, that at or around 10:00 pm on June 3, 2011, Messer accessed and copied over 4,300 files from a SunPower computer or server during a fifteen-minute span. Many of the files Messer accessed contained SunPower's Proprietary Information.

30. Shortly before leaving SunPower, Messer connected one or more Universal Series Bus ("USB") devices to his SunPower computer. SunPower is informed and believes, and thereon alleges that Messer copied electronic files containing SunPower's Proprietary Information, including computer programs, computer software, pricing lists, business plans, financial projections and reports, business strategies, internal operating procedures, other confidential business information, information concerning current or any future and proposed work, services or products, processes, process parameters, methods or practice of operations or sales or lease, schematics and related documentation, distribution lists, financial information, customer needs, dealer needs, market analysis, financial sales and marketing

data, business plans and strategies, pricing information, information related to SunPower's dealer networks, including dealer lists, dealer satisfaction scores, dealer volumes, dealer rebates, dealer discounts, dealer pricing, dealer lending terms, dealer sales momentum, dealer cost structure, SunPower's profit realization from dealers in the dealer network and other competitive information about SunPower's dealer network, SunPower's lender networks, including lender lists, lending terms, and other competitive information about SunPower's lender network and other proprietary information.

31.     As part of the Messer Agreement, Messer agreed that SunPower had proprietary rights to its confidential and non-confidential information, including SunPower's trade secret information.

32.     SunPower is informed and believes, and thereon alleges, that Messer violated the terms of the Messer Agreement at least by failing to return SunPower's Proprietary Information that was downloaded and copied onto the one or more USB devices.

33.     SunPower is informed and believes, and thereon alleges, that Messer violated the terms of the SunPower Computer Policies at least by connecting one or more USB devices to a SunPower computer and by using USB devices to store SunPower's Proprietary Information.

34.     SunPower is informed and believes, and thereon alleges, that immediately following Messer's termination of his employment with SunPower, Messer was employed by SunEdison, and Messer's current title at SunEdison is Vice President Sales, RCS North America.

35.     SunPower is informed and believes, and thereon alleges, that in direct violation of the Messer Agreement, and the SunPower Computer Policies, Messer disclosed to SunEdison at least some of SunPower's Proprietary Information that he was privy to and obtained as a result of his employment at SunPower.

36.     SunPower is informed and believes, and thereon alleges, that in direct violation of the Messer Agreement, and the SunPower Computer Policies, Messer transferred
/ / /

some or all of the stolen computer files containing SunPower's Proprietary Information to computers and devices at SunEdison.

**D.   Fong**

37.   SunPower is informed and believes, and thereon alleges, that in the six weeks preceding his final day of employment with SunPower, Fong accessed over 9,500 files from a SunPower computer or server, many containing SunPower's Proprietary Information.

38.   SunPower is informed and believes, and thereon alleges, that on July 31, 2013, less than three weeks before leaving SunPower, Fong accessed and copied thousands of files from SunPower's server or computers during an 80-minute span.

39.   SunPower is informed and believes, and thereon alleges, that shortly before leaving SunPower, Fong used a unauthorized, non-SunPower storage device or unauthorized non-SunPower storage location to copy computer files containing SunPower's Proprietary Information including, for example, computer programs, computer software, pricing lists, business plans, financial projections and reports, business strategies, internal operating procedures, other confidential business information, information concerning current or any future and proposed work, services or products, processes, process parameters, methods or practice of operations or sales or lease, schematics and related documentation, distribution lists, financial information, customer needs, dealer needs, market analysis, financial sales and marketing data, business plans and strategies, pricing information, information related to SunPower's dealer networks, including dealer lists, dealer satisfaction scores, dealer volumes, dealer rebates, dealer discounts, dealer pricing, dealer lending terms, dealer sales momentum, dealer cost structure, SunPower's profit realization from dealers in the dealer network and other competitive information about SunPower's dealer network, SunPower's lender networks, including lender lists, lending terms, and other competitive information about SunPower's lender network, information relating to the unique system that SunPower employs to handle the in-house servicing of SunPower's financial portfolio, and other proprietary information.

/ / /

-10-                                                            COMPLAINT

40.     As part of the Fong Agreement, Fong agreed that SunPower had proprietary rights to its confidential and non-confidential information, including SunPower's trade secret information.

41.     Fong violated the terms of the Fong Agreement at least by failing to return SunPower's Proprietary Information that was downloaded and copied onto the USB device(s) or into an unauthorized, non-SunPower storage location.

42.     Fong violated the terms of the SunPower Computer Policies at least by connecting a USB device to a SunPower computer and by using a USB drive to store SunPower's Proprietary Information or by storing such information in an unauthorized, non-SunPower storage location.

43.     SunPower is informed and believes, and thereon alleges, that following Fong's termination of his employment with SunPower, Fong was employed by SunEdison, and Fong's current title at SunEdison is Vice President of Global Marketing and Channel Development, Residential and Small Commercial.

44.     SunPower is informed and believes, and thereon alleges, that in direct violation of the Fong Agreement, and the SunPower Computer Policies, Fong disclosed to SunEdison at least some of SunPower's Proprietary Information that he was privy to and obtained as a result of his employment at SunPower.

45.     SunPower is informed and believes, and thereon alleges, that in direct violation of the Fong Agreement, and the SunPower Computer Policies, Messer transferred some or all of the stolen computer files containing SunPower's Proprietary Information to computers and devices at SunEdison.

**E.     Desai**

46.     On or about April 9, 2004, Desai accepted an offer of employment from SunPower to become a Product Manager.  As part of his employment at SunPower, Desai agreed to, signed, and undertook the obligations set forth in a SunPower Employee Nondisclosure Agreement ("Desai Agreement"), attached hereto as Exhibit G.

/ / /

47. By agreeing to and signing the Desai Agreement, Desai assumed certain obligations as a condition of his employment at SunPower, including the following:

    a. Desai agreed that he would not, during or subsequent to the term of the Desai Agreement, use SunPower's Confidential Information for any purpose whatsoever other than the performance of his responsibility as an employee of SunPower.

    b. Desai agreed that SunPower's Confidential Information included any SunPower proprietary information, technical data, trade secrets or know-how, including, but not limited to research, product plans, products, services, suppliers, supplier lists, customers, customer lists, markets, software, developments, inventions, processes, formulas, technology, designs, drawings, engineering, hardware configuration information, marketing, finances or other business information disclosed by SunPower either directly or indirectly in writing, orally or by drawings or inspection of parts or equipment.

48. As part of the Desai Agreement, Desai agreed that SunPower had proprietary rights to its confidential and non-confidential information, including SunPower's trade secret information.

49. By October 2008, Desai was promoted to Vice President at SunPower. Desai resigned his employment with SunPower in April 2010 to join PVT Solar, Inc. ("PVT Solar") as the company's Chief Executive Officer. At that time, PVT Solar was an early-stage start up that was trying to break into the residential solar market. PVT Solar did not have an established infrastructure, a dealer network, any significant market share, resources, or the know-how to compete in the residential solar market.

50. In November 2010, SunPower sued PVT Solar and several former SunPower employees working for PVT Solar, for, *inter alia*, misappropriation of trade secrets. *See SunPower Corp. v. PVT Solar, Inc.* (Case No. 1-10-CV-187278 (Sup. Ct. Cal. Santa Clara County)) ("PVT Solar Litigation").

/ / /

51.    In the PVT Solar Litigation, SunPower alleged that Desai had been embittered about being passed over for a promotion prior to his departure from SunPower and, recognizing that PVT Solar did not have the data, relationships, or infrastructure to succeed in the residential solar market, Desai decided to target for hire certain former co-workers who had access to the SunPower non-public, valuable data and know-how that PVT needed most and which was most critical to PVT at that time.  SunPower further alleged that these former SunPower employees engaged in a massive and coordinated effort to steal SunPower's trade secrets during their final hours of employment for use at PVT Solar.

52.    Although Desai was not personally named in the PVT Solar Litigation, his alleged acts of encouraging former SunPower employees to leave SunPower and bring SunPower's trade secrets with them to PVT Solar were the impetus for the PVT Solar Litigation.

53.    SunPower is informed and believes, and thereon alleges, that in or around the first quarter of 2011, PVT Solar changed its name to EchoFirst, Inc.

54.    ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

55.    ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

56.    ████████████████████████████████████████████████████████████████

57.    In or around July 2013, SunEdison purchased EchoFirst.

58.    SunPower is informed and believes, and thereon alleges, that as a result of SunEdison's purchase of EchoFirst, Desai became the Vice President and Global General Manager for SunEdison's Residential & Small Commercial business.

59.     SunPower is informed and believes, and thereon alleges, that Desai has again encouraged SunPower employees, including Fong, to leave SunPower with SunPower's confidential, proprietary, and trade secret information and bring them to his new company, SunEdison, where the information is being used to further SunEdison's business.

60.     In the 12 months following Desai's employment at SunEdison, multiple former SunEdison employees including Fong, Oscar Cepas, and Mark Babcock were hired by SunEdison.   Each of these SunPower employees had access to SunPower's Proprietary Information.

61.     SunPower is informed and believes, and thereon alleges, that during his employment at SunEdison, Desai has used and continues to use SunPower's confidential, proprietary, and trade secret information for his own benefit, to the benefit of SunEdison and to the detriment of SunPower, including SunPower's confidential, proprietary, and trade secret information stolen by Fong and/or Messer.

**E.      SunEdison**

62.     SunPower is informed and believes, and thereon alleges, that SunEdison knowingly accepted stolen computer files from Messer and Fong containing SunPower's Proprietary Information.

63.     SunPower is informed and believes, and thereon alleges, that SunEdison knowingly accepted from former SunPower employees the disclosure of SunPower's Proprietary Information that each were privy to and obtained as a result of their employment at SunPower.

64.

65.

66. ████████████████████████████████████
████████████████████████████████████████
████████████████

67. SunPower is informed and believes, and thereon alleges, that SunEdison, Desai, Messer, and Fong have used and continue to use SunPower's Proprietary Information for their own benefit and to the detriment of SunPower.

68. SunPower is informed and believes, and thereon alleges that SunEdison, Desai, Messer, and Fong have misappropriated and continue to misappropriate at least some of SunPower's Proprietary Information obtained under obligations of secrecy and confidentiality for the purpose of unfairly competing with SunPower.

69. SunPower is informed and believes, and thereon alleges, that Desai, Messer, Fong, and SunEdison have used and disclosed and continue to use and disclose at least some of SunPower's Proprietary Information in willful and conscious disregard of a duty of confidence owed to SunPower.

70. SunPower is informed and believes, and thereon alleges, that Desai, Messer, Fong, and SunEdison have committed and continue to commit unlawful business practices including, but not limited to, using at least some of SunPower's Proprietary Information for their own purposes, and adversely to the interests of SunPower and its business venture.

**FIRST CAUSE OF ACTION**

(COMPUTER FRAUD AND ABUSE ACT)

(MESSER AND FONG)

71. SunPower hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 70.

72. Messer has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, by intentionally accessing a computer used for interstate commerce or communication, without authorization and by exceeding authorized access to such a computer and by obtaining information from such a protected computer, and so causing significant damage.

///

73.     Messer has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, by knowingly, and with intent to defraud SunPower, accessing a protected computer, without authorization or by exceeding authorized access to such a computer, and, by means of such conduct, furthered their intended fraud and obtained one or more things of value, including, but not limited to, computer programs, computer software, pricing lists, business plans, financial projections and reports, business strategies, internal operating procedures, other confidential business information, information concerning current or any future and proposed work, services or products, processes, process parameters, methods or practice of operations or sales or lease, schematics and related documentation, distribution lists, financial information, customer needs, dealer needs, market analysis, financial sales and marketing data, business plans and strategies, pricing information, information related to SunPower's dealer networks, including dealer lists, dealer satisfaction scores, dealer volumes, dealer rebates, dealer discounts, dealer pricing, dealer lending terms, dealer sales momentum, dealer cost structure, SunPower's profit realization from dealers in the dealer network and other competitive information about SunPower's dealer network, SunPower's lender networks, including lender lists, lending terms, and other competitive information about SunPower's lender network and other proprietary information.

74.     Messer has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, by intentionally accessing a protected computer beyond the scope of the authorization granted, causing damage to SunPower, recklessly or without due regard for his actions.

75.     Fong has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, by intentionally accessing a computer used for interstate commerce or communication, without authorization and by exceeding authorized access to such a computer and by obtaining information from such a protected computer, and so causing significant damage.

76.     Fong has violated the Computer Fraud and Abuse Act, 18 U.S.C. §1030, by knowingly, and with intent to defraud SunPower, accessing a protected computer, without authorization or by exceeding authorized access to such a computer, and, by means of such conduct, furthered his intended fraud and obtained one or more things of value, including, but

not limited to, computer programs, computer software, pricing lists, business plans, financial projections and reports, business strategies, internal operating procedures, other confidential business information, information concerning current or any future and proposed work, services or products, processes, process parameters, methods or practice of operations or sales or lease, schematics and related documentation, distribution lists, financial information, customer needs, dealer needs, market analysis, financial sales and marketing data, business plans and strategies, pricing information, information related to SunPower's dealer networks, including dealer lists, dealer satisfaction scores, dealer volumes, dealer rebates, dealer discounts, dealer pricing, dealer lending terms, dealer sales momentum, dealer cost structure, SunPower's profit realization from dealers in the dealer network and other competitive information about SunPower's dealer network, SunPower's lender networks, including lender lists, lending terms, and other competitive information about SunPower's lender network, information relating to the unique system that SunPower employs to handle the in-house servicing of SunPower's financial portfolio, and other proprietary information.

77. Fong has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, by intentionally accessing a protected computer beyond the scope of the authorization granted, causing damage to SunPower, recklessly or without due regard for his actions.

78. The computer system or systems that Messer and Fong accessed as described above constitute a "protected computer" within the meaning of 18 U.S.C. § 1030.

79. SunPower has been harmed by these violations, and its harm includes, without limitation, harm to SunPower's data, programs, and computer systems and impairment of the integrity and availability of data, programs, systems, or information. SunPower has further suffered damage and loss through the cost of responding to the offenses, including conducting damage assessments and restoring data, programs, systems, and or information to its condition prior to the offenses. These, as well as other losses and damages in an amount to be determined at trial, amount to over $5,000 aggregated over a one-year period.

80. Messer's and Fong's unlawful access to, and misappropriations from, SunPower's computers also have caused SunPower irreparable injury. Unless restrained and

enjoined, Messer and Fong will continue to commit such acts. Damages are not adequate to compensate SunPower for these actual and threatened injuries; SunPower is therefore entitled to injunctive relief as provided by 18 U.S.C. § 1030 (g).

## SECOND CAUSE OF ACTION

### (TRADE SECRET MISAPPROPRIATION)

### (MESSER, FONG, DESAI AND SUNEDISON)

81.     SunPower hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 80.

82.     This is a cause of action for Misappropriation of Trade Secrets under the Uniform Trade Secrets Act, Cal. Civ. Code § 3426 *et seq.*, based upon Messer, Fong, Desai, and SunEdison's wrongful and improper disclosure and use of SunPower's Proprietary Information that constitute trade secrets ("SunPower's Trade Secrets"), which includes, but is not limited to, pricing lists, business plans, financial projections and reports, business strategies, internal operating procedures, information concerning current or any future and proposed work, services or products, processes, process parameters, methods or practice of operations or sales or lease, schematics and related documentation, distribution lists, financial information, customer needs, dealer needs, market analysis, financial sales and marketing data, business plans and strategies, pricing information, information related to SunPower's dealer networks, including dealer lists, dealer satisfaction scores, dealer volumes, dealer rebates, dealer discounts, dealer pricing, dealer lending terms, dealer sales momentum, dealer cost structure, SunPower's profit realization from dealers in the dealer network and other competitive information about SunPower's dealer network, SunPower's lender networks, including lender lists, lending terms, and other competitive information about SunPower's lender network, information relating to the unique system that SunPower employs to handle the in-house servicing of SunPower's financial portfolio, and other trade secret information.

83.     SunPower's Trade Secrets are trade secret because they derive independent economic value from not being generally known to the public or to other persons who can obtain economic value from their disclosure or use.

84.     Messer gained access to some of SunPower's Proprietary Information in the course of an employee-employer relationship with SunPower. Messer was under an obligation to maintain the secrecy of all of SunPower's Proprietary Information obtained during his employment, including SunPower's Trade Secrets.

85.     Fong gained access to some of SunPower's Proprietary Information in the course of an employee-employer relationship with SunPower. Fong was under an obligation to maintain the secrecy of all of SunPower's Proprietary Information obtained during his employment, including SunPower's Trade Secrets.

86.     SunPower is informed and believes, and thereon alleges, that Desai gained access to SunPower's Proprietary Information, including SunPower's Trade Secrets, by encouraging Fong to leave SunPower with SunPower's Proprietary Information and disclose it to Desai and SunEdison.

87.     SunPower is informed and believes, and thereon alleges, that SunEdison gained access to SunPower's Proprietary Information , including SunPower's Trade Secrets, by eliciting and/or accepting it from Messer and Fong.

88.     SunPower is informed and believes, and thereon alleges, that Desai gained access to SunPower's Proprietary Information , including SunPower's Trade Secrets, by eliciting and/or accepting it from Fong.

89.     SunPower took reasonable precautions under the circumstances to protect its trade secrets, and all parties with access to the information were subject to obligations to maintain their secrecy.

90.     SunPower is informed and believes, and thereon alleges, that Messer, Fong, Desai, and SunEdison have and continue to use and disclose to third parties SunPower's Trade Secrets without SunPower's consent or permission for their own benefit.

91.     SunPower is informed and believes, and thereon alleges, that Messer, Fong, Desai, and SunEdison have disclosed SunPower's Trade Secrets to third parties, maliciously and in willful and conscious disregard of the rights of SunPower.

/ / /

92.     As a direct and proximate result of Messer, Fong, Desai, and SunEdison's willful, improper, and unlawful use and disclosure of SunPower's Trade Secrets, SunPower has suffered, and will continue to suffer, great harm and damage.  SunPower will continue to be irreparably damaged unless Messer, Fong, Desai, and SunEdison are enjoined from further use and disclosure of SunPower's Trade Secrets.

93.     The aforementioned acts of Messer, Fong, Desai, and SunEdison in wrongfully misappropriating SunPower's Trade Secrets, were and continue to be willful and malicious, warranting an award of exemplary damages, as provided by Civ. Code § 3426.3(c), and an award of reasonable attorneys' fees, as provided by Civ. Code § 3426.4.

### THIRD CAUSE OF ACTION

### (BREACH OF CONTRACT)

### (MESSER, FONG, DESAI AND SUNEDISON)

94.     SunPower hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 93.

95.     As a result of the Messer Agreement, Messer had an obligation to use SunPower's confidential proprietary for SunPower's benefit, return the information to SunPower upon termination of employment, and refrain from engaging in any business or activity that is competitive with SunPower while employed by SunPower.

96.     The foregoing covenants in the Messer Agreement were intended and necessary to protect SunPower's legitimate business interests in its goodwill and confidential proprietary information.

97.     The Messer Agreement is a valid and enforceable contract between SunPower and Messer.

98.     Messer breached the Messer Agreement by using SunPower's Proprietary Information for his own benefit and refusing to return SunPower's Proprietary Information to SunPower upon termination.

99.     SunPower is informed and believes, and thereon alleges, that Messer has shared SunPower's Proprietary Information with at least one third party in violation of his

nondisclosure obligations and continues to wrongfully use SunPower's Proprietary Information in violation of the Messer Agreement.

100.    SunPower is informed and believes, and thereon alleges, that Messer has copied SunPower's electronic data onto other computers or devices in violation of the Messer Agreement.

101.    SunPower is informed and believes, and thereon alleges, that Messer continues to wrongfully retain SunPower's electronic data and other documents and company property in violation of the Messer Agreement.

102.    SunPower is informed and believes, and thereon alleges, that Messer has wrongfully utilized or disclosed SunPower's Proprietary Information in the course of his employment with SunEdison in violation of the Messer Agreement.

103.    SunPower has fully performed all of the obligations and satisfied all conditions for performance under the Messer Agreement.

104.    Messer has willfully and with conscious disregard for the contractual obligations owed to SunPower, breached the Messer Agreement.

105.    SunPower will continue to suffer such injury, loss, and damage unless and until Messer is required to return SunPower's Proprietary Information and electronic data and enjoined from further use and disclosure of SunPower's Proprietary Information and electronic data.

106.    As a result of the Fong Agreement, Fong had an obligation to use SunPower's confidential proprietary information only for SunPower's benefit, return the information to SunPower upon termination of employment, and refrain from engaging in any business or activity that is competitive with SunPower while employed by SunPower.

107.    The foregoing covenants in the Fong Agreement were intended and necessary to protect SunPower's legitimate business interests in its goodwill and confidential proprietary information.

108.    The Fong Agreement is a valid and enforceable contract between SunPower and Fong.

COMPLAINT

109. Fong breached the Fong Agreement by using SunPower's Proprietary Information for his own benefit and refusing to return SunPower's confidential proprietary information to SunPower upon termination.

110. SunPower is informed and believes, and thereon alleges, that Fong has shared SunPower's Proprietary Information with at least one third party in violation of his nondisclosure obligations and continues to wrongfully use SunPower's Proprietary Information in violation of the Fong Agreement.

111. SunPower is informed and believes, and thereon alleges, that Fong has copied SunPower's electronic data onto other computers or devices in violation of the Fong Agreement.

112. SunPower is informed and believes, and thereon alleges, that Fong continues to wrongfully retain SunPower's electronic data and other documents and company property in violation of the Fong Agreement.

113. SunPower is informed and believes, and thereon alleges, that Fong has wrongfully utilized or disclosed SunPower's Proprietary Information in the course of his employment with SunEdison in violation of the Fong Agreement.

114. SunPower has fully performed all of the obligations and satisfied all conditions for performance under the Fong Agreement.

115. Fong has willfully and with conscious disregard for the contractual obligations owed to SunPower, breached the Fong Agreement.

116. SunPower will continue to suffer such injury, loss, and damage unless and until Fong is required to return SunPower's Proprietary Information and electronic data and enjoined from further use and disclosure of SunPower's Proprietary Information and electronic data.

117. As a result of the Desai Agreement, Desai has an obligation to use SunPower's confidential proprietary information only for SunPower's benefit.

/ / /

/ / /

**COMPLAINT**

118.    The foregoing covenants in the Desai Agreement were intended and necessary to protect SunPower's legitimate business interests in its goodwill and confidential proprietary information.

119.    The Desai Agreement is a valid and enforceable contract between SunPower and Desai.

120.    Desai breached the Desai Agreement by using SunPower's Proprietary Information for his own benefit.

121.    SunPower is informed and believes, and thereon alleges, that Desai has obtained some of SunPower's Proprietary Information from former SunPower employees, including Fong, and used such information in the course of his employment at SunEdison in violation of the Desai Agreement.

122.    SunPower is informed and believes, and thereon alleges, that Desai continues to wrongfully use SunPower's Proprietary Information in violation of the Desai Agreement.

123.    SunPower has fully performed all of the obligations and satisfied all conditions for performance under the Desai Agreement.

124.    Desai has willfully and with conscious disregard for the contractual obligations owed to SunPower, breached the Desai Agreement.

125.    SunPower will continue to suffer such injury, loss, and damage unless and Desai is required to return SunPower's Proprietary Information and enjoined from further use and disclosure of SunPower's Proprietary Information.

126.

127.

128.

■.

129. ■

■

130. ■

■
■
■
■

131. ■

■

132. ■

■

133. ■

■
■

134.     Unless restrained and enjoined by the Court, Messer, Fong, Desai, and SunEdison will continue to breach the agreements.

135.     As a foreseeable, direct and proximate result of Messer, Fong, Desai and SunEdison's breach of contract, SunPower has suffered irreparable injury to its rights and pecuniary damages.

136.     Messer, Fong, Desai and SunEdison have derived, received, and will continue to derive and receive from the aforementioned breach of contract, gains, profits and advantages, many of which are not presently known to SunPower.

137.     SunPower is therefore entitled to injunctive relief or specific performance, as well as damages as provided by law.

## **FOURTH CAUSE OF ACTION**

### (BREACH OF CONFIDENCE)

### (MESSER AND FONG)

138.  SunPower hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 137.

139.  This is a cause of action for Breach of Confidence under California common law.

140.  When SunPower disclosed SunPower's non-trade secret Proprietary Information to Messer, it did so in confidence in the course of an employee-employer relationship, and, therefore, Messer owed SunPower a legal duty of confidence to maintain the information in a proprietary manner and not to use the information for Messer's own purposes or in a manner adverse to SunPower.

141.  Messer accepted SunPower's non-trade secret Proprietary Information voluntarily and for the purpose of his employment with SunPower, thereby owing SunPower a duty of confidence with respect to the information.

142.  SunPower is informed and believes, and thereon alleges, that Messer has willfully and in conscious disregard for the duty of confidence owed to SunPower, disclosed SunPower's non-trade secret Proprietary Information to third parties and used the information for his own purposes and in a manner adverse to SunPower.

143.  When SunPower disclosed SunPower's non-trade secret Proprietary Information to Fong, it did so in confidence in the course of an employee-employer relationship, and, therefore, Fong owed SunPower a legal duty of confidence to maintain the information in a proprietary manner and not to use the information for Fong's own purposes or in a manner adverse to SunPower.

144.  Fong accepted SunPower's non-trade secret Proprietary Information voluntarily and for the purpose of his employment with SunPower, thereby owing SunPower a duty of confidence with respect to the information.

/ / /

145.    SunPower is informed and believes, and thereon alleges, that Fong has willfully and in conscious disregard for the duty of confidence owed to SunPower, disclosed SunPower's non-trade secret Proprietary Information to third parties and used the information for his own purposes and in a manner adverse to SunPower.

146.    As a direct and proximate result of Messer's and Fong's willful, improper, and unlawful use of SunPower's non-trade secret Proprietary Information, SunPower has suffered, and will continue to suffer, great harm and damage.  SunPower will continue to be irreparably damaged unless Messer and Fong are enjoined from further use of SunPower's non-trade secret Proprietary Information.

147.    The aforementioned acts of Messer and Fong, in breaching their duty of confidence owed to SunPower, were and continue to be willful, oppressive, fraudulent, and malicious, warranting an award of punitive damages in addition to the actual damages suffered by SunPower.

## FIFTH CAUSE OF ACTION

### (CONVERSION)

### (MESSER, FONG, DESAI AND SUNEDISON)

148.    SunPower hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 147.

149.    SunPower has a right to possess SunPower's non-trade secret Proprietary Information by virtue of at least the Messer Agreement, the Fong Agreement, the Desai Agreement and ▓▓▓▓▓▓▓▓▓▓▓▓▓.

150.    Messer has willfully interfered with SunPower's ownership and possessory rights to SunPower's non-trade secret Proprietary Information without lawful justification, with every intention of exercising those rights as though they were his by copying and taking SunPower's non-trade secret Proprietary Information.  Messer's intent to exercise dominion or control over SunPower's non-trade secret Proprietary Information is incompatible with, and invasive of, SunPower's rights and has deprived SunPower of its ability to exclusively use and possess SunPower's non-trade secret Proprietary Information.

151.   Fong has willfully interfered with SunPower's ownership and possessory rights to SunPower's non-trade secret Proprietary Information without lawful justification, with every intention of exercising those rights as though they were his by copying and taking SunPower's non-trade secret Proprietary Information.  Fong's intent to exercise dominion or control over SunPower's non-trade secret Proprietary Information is incompatible with, and invasive of, SunPower's rights and has deprived SunPower of its ability to exclusively use and possess SunPower's non-trade secret Proprietary Information.

152.   SunEdison has willfully interfered with SunPower's ownership and possessory rights to SunPower's non-trade secret Proprietary Information without lawful justification, with every intention of exercising those rights as though they belonged to SunEdison by accepting SunPower's non-trade secret Proprietary Information.   SunEdison's intent to exercise dominion or control over SunPower's non-trade secret Proprietary Information is incompatible with, and invasive of, SunPower's rights and has deprived SunPower of its ability to exclusively use and possess SunPower's non-trade secret Proprietary Information.

153.   Desai has willfully interfered with SunPower's ownership and possessory rights to SunPower's non-trade secret Proprietary Information without lawful justification, with every intention of exercising those rights as though they belonged to Desai by accepting SunPower's non-trade secret Proprietary Information.  Desai's intent to exercise dominion or control over SunPower's non-trade secret Proprietary Information is incompatible with, and invasive of, SunPower's rights and has deprived SunPower of its ability to exclusively use and possess SunPower's non-trade secret Proprietary Information.

154.   SunPower has been damaged as a result of Messer, Fong, Desai and SunEdison's actions.

155.   SunPower is entitled to damages, the nature and extent of which will be proved at trial.

156.   The aforementioned acts of Messer, Fong, Desai and SunEdison were and continue to be willful, oppressive, fraudulent, and malicious, warranting an award of punitive damages in addition to the actual damages suffered by SunPower.

**SIXTH CAUSE OF ACTION**

(TRESPASS TO CHATTELS)

(MESSER, FONG, DESAI AND SUNEDISON)

157.    SunPower hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 156.

158.    SunPower has ownership and a right to possess SunPower's non-trade secret Proprietary Information as described herein.

159.    Messer has willfully interfered with SunPower's ownership and/or possessory rights to that information, without lawful justification, with every intention of exercising those rights as though it were his by copying and taking SunPower's non-trade secret Proprietary Information.

160.    Fong has willfully interfered with SunPower's ownership and/or possessory rights to that information, without lawful justification, with every intention of exercising those rights as though it were his by copying and taking SunPower's non-trade secret Proprietary Information.

161.    SunEdison has willfully interfered with SunPower's ownership and/or possessory rights to that information, without lawful justification, with every intention of exercising those rights as though they were theirs by accepting and using SunPower's non-trade secret Proprietary Information.

162.    Desai has willfully interfered with SunPower's ownership and/or possessory rights to that information, without lawful justification, with every intention of exercising those rights as though they were his by accepting and using SunPower's non-trade secret Proprietary Information.

163.    Messer, Fong and SunEdison's intent to exercise dominion or control over SunPower's non-trade secret Proprietary Information is incompatible with, and invasive of, SunPower's rights and has deprived SunPower of its ability to exclusively use and possess SunPower's non-trade secret Proprietary Information.

/ / /

COMPLAINT

164.    Messer, Fong and SunEdison's actions caused injury to SunPower and to its right to its property.

165.    SunPower is entitled to damages, the nature and extent of which will be proved at trial.

166.    The aforementioned acts of Messer, Fong and SunEdison were and continue to be willful, oppressive, fraudulent, and malicious, warranting an award of punitive damages in addition to the actual damages suffered by SunPower.

## SEVENTH CAUSE OF ACTION

### (INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE)

### (MESSER, FONG, DESAI, AND SUNEDISON)

167.    SunPower hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 166.

168.    SunPower enjoys an economic relationship with many lenders and dealers with which it has contracted in the past, and with which it expects to contract in the future.

169.    As a result of their respective positions at SunPower, Messer and Fong knew of these relationships and the economic benefit they bring to SunPower.

170.    Messer obtained SunPower's non-trade secret Proprietary Information during his employment at SunPower. SunPower is informed and believes, and thereon alleges, that thereafter, Messer began using SunPower's non-trade secret Proprietary Information during his employment with SunEdison to disrupt SunPower's economic relationship with at least some of its lenders and dealers.

171.    SunPower is informed and believes, and thereon alleges, that Fong obtained SunPower's non-trade secret Proprietary Information during his employment at SunPower. SunPower is informed and believes, and thereon alleges, that thereafter, Fong began using SunPower's non-trade secret Proprietary Information during his employment with SunEdison to disrupt SunPower's economic relationship with at least some of its lenders and dealers.

172.    SunPower is informed and believes, and thereon alleges, that SunEdison learned of SunPower's relationship with SunPower's lenders and dealers with which it has

contracted in the past, and with which it expects to contract in the through former SunPower employees, including at least Messer and Fong.

173.    SunPower is informed and believes, and thereon alleges, that SunEdison accepted SunPower's non-trade secret Proprietary Information from former SunPower employees, including at least Messer and Fong, and used such information to disrupt SunPower's economic relationship with at least some of its lenders and dealers.

174.    SunPower is informed and believes, and thereon alleges, that Desai learned of SunPower's relationship with SunPower's lenders and dealers with which it has contracted in the past, and with which it expects to contract in the through former SunPower employees, including at least Fong.

175.    SunPower is informed and believes, and thereon alleges, that Desai accepted SunPower's non-trade secret Proprietary Information from former SunPower employees, including at least Fong, and used such information to disrupt SunPower's economic relationship with at least some of its lenders and dealers.

176.    Messer, Fong, Desai, and SunEdison have and continue to intentionally disrupt SunPower's relationship with at least SunPower's lenders and dealers.

177.    Messer, Fong, Desai, and SunEdison's acts of intentional and wrongful disruption include the past and continuing wrongful use of SunPower's non-trade secret Proprietary Information.

178.    Messer, Fong, Desai, and SunEdison's intentional acts have actually and proximately caused a disruption of the economic relationship SunPower enjoys with its lenders and dealers.

179.    The aforementioned acts of Messer, Fong, Desai and SunEdison were and continue to be willful, oppressive, fraudulent, and malicious, warranting an award of punitive damages in addition to the actual damages suffered by SunPower.

180.    Messer, Fong, Desai, and SunEdison's acts have resulted in a loss of beneficial economic relationships and actual profits to Plaintiffs.  Money damages would provide an

/ / /

1  insufficient remedy. Plaintiffs have no plain, speedy and adequate remedy at law and are

2  entitled to injunctive relief.

3  **EIGHTH CAUSE OF ACTION**

4  (BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

5  (MESSER AND FONG)

6  181.   SunPower hereby realleges and incorporates by reference the allegations set

7  forth in paragraphs 1 through 180.

8  182.   Messer, through the actions set forth above, including the data theft, wrongful

9  retention of data, secretly conspiring to assist a competing business while still employed by

10  SunPower, has breached the implied covenant of good faith and fair dealing that is implied

11  into his agreements with SunPower, as a result of which SunPower has been and will

12  continue to be significantly harmed.

13  183.   Fong, through the actions set forth above, including the data theft, wrongful

14  retention of data, secretly conspiring to assist a competing business while still employed by

15  SunPower, has breached the implied covenant of good faith and fair dealing that is implied

16  into his agreements with SunPower, as a result of which SunPower has been and will

17  continue to be significantly harmed.

18  184.   Messer and Fong are liable to SunPower for all damages SunPower sustained

19  as a result of their breach of the implied covenant of good faith and fair dealing.

20  185.   The aforementioned acts of Messer and Fong were and continue to be willful,

21  oppressive, fraudulent, and malicious, warranting an award of punitive damages in addition to

22  the actual damages suffered by SunPower.

23  **NINTH CAUSE OF ACTION**

24  (INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS)

25  (DESAI AND SUNEDISON)

26  186.   SunPower hereby realleges and incorporates by reference the allegations set

27  forth in paragraphs 1 through 185.

28  187.    Messer and Fong and SunPower entered into valid contracts, whereby Messer

-31-                                                          **COMPLAINT**

and Fong agreed to use SunPower's non-trade secret Proprietary Information for SunPower's benefit, to not disclose such information and to return the information to SunPower upon termination of employment.

188. SunPower is informed and believes, and thereon alleges, that SunEdison was aware of the contractual relationships between SunPower and Messer and Fong.

189. SunPower is informed and believes, and thereon alleges, that Desai was aware of the contractual relationships between SunPower and Fong.

190. SunPower is informed and believes, and thereon alleges, that SunEdison intended for Messer and Fong to breach their respective contracts with SunPower.

191. SunPower is informed and believes, and thereon alleges, that SunEdison elicited SunPower's non-trade secret Proprietary Information from Messer and Fong and encouraged Messer and Fong to obtain SunPower's non-trade secret Proprietary Information for disclosure to SunEdison, in breach of Messer and Fong's respective contracts with SunPower.

192. SunPower is informed and believes, and thereon alleges, that Desai intended for Fong to breach his contract with SunPower.

193. SunPower is informed and believes, and thereon alleges, that Desai elicited SunPower's non-trade secret Proprietary Information from Fong and encouraged Fong to obtain SunPower's non-trade secret Proprietary Information for disclosure to Desai, in breach of Fong's contract with SunPower.

194. Messer and Fong's taking and disclosing of SunPower's non-trade secret Proprietary Information was a breach of their respective contracts with SunPower.

195. As a foreseeable, direct and proximate result of Messer and Fong's breach of contract, SunPower has suffered irreparable injury to its rights and pecuniary damages. SunPower will continue to suffer such injury, loss, and damage unless and until SunEdison and Desai are enjoined from further interference with SunPower's contractual relations with its former employees.

**TENTH CAUSE OF ACTION**

(INDUCED BREACH OF CONTRACT)

(DESAI AND SUNEDISON)

196. SunPower hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 195.

197. SunPower is informed and believes, and thereon alleges, that SunEdison induced Messer and Fong to breach their respective contracts with SunPower.

198. SunPower is informed and believes, and thereon alleges, that Desai induced Fong to breach his contract with SunPower.

199. As a foreseeable, direct and proximate result of Messer and Fong's breach of contract, SunPower has suffered irreparable injury to its rights and pecuniary damages. SunPower will continue to suffer such injury, loss, and damage unless and until SunEdison and Desai are enjoined from inducing further breach of SunPower's contracts with its former employees.

200. SunPower is informed and believes, and thereon alleges, that by inducing Messer and Fong to breach their respective contracts with SunPower and disclose SunPower's non-trade secret Proprietary Information to a direct competitor, SunEdison and Desai's action have substantially harmed SunPower.

**ELEVENTH CAUSE OF ACTION**

(CONSPIRACY TO BREACH OF CONTRACT)

(MESSER, FONG, DESAI, AND SUNEDISON)

201. SunPower hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 200.

202. SunPower is informed and believes, and thereon alleges, that Desai and SunEdison intended for Messer and Fong to obtain and disclose to SunEdison, SunPower's Proprietary Information for SunEdison's benefit.

203. SunPower is informed and believes, and thereon alleges, that Messer and Fong intentionally breached their contracts with SunPower and that such breach was known,

encouraged, and enabled by SunEdison's actions.

204.    SunPower is informed and believes, and thereon alleges, that Fong intentionally breached his contract with SunPower and that such breach was known, encouraged, and enabled by Desai's actions.

205.    As a foreseeable, direct and proximate result of Messer and Fong's breach of contract, SunPower has suffered irreparable injury to its rights and pecuniary damages. SunPower will continue to suffer such injury, loss, and damage unless and until Messer and Fong are enjoined from breaching the Messer and Fong Agreements and until SunEdison and Desai are enjoined from encouraging and enabling further breach of SunPower's contracts with SunPower's former employees.

206.    SunPower is informed and believes, and thereon alleges, that by encouraging and enabling Messer and Fong to breach their contracts with SunPower and disclose SunPower's confidential and proprietary information to direct competitor, the actions of SunEdison and Desai substantially caused SunPower's harm.

207.    SunPower is informed and believes, and thereon alleges, that SunEdison and Desai were aware that Fong intended to breach the breach the Fong Agreement by providing SunPower's Proprietary Information to SunEdison and encouraged him to do so.

208.    SunPower is informed and believes, and thereon alleges, that SunEdison was aware that Messer planned to breach the breach the Messer Agreement by providing SunPower's Proprietary Information to SunEdison and encouraged him to do so.

209.    SunPower is informed and believes, and thereon alleges, that SunEdison and Messer were in agreement that Messer breach the Messer Agreement by providing SunPower's Proprietary Information to SunEdison and that SunEdison and Messer intended that such breach occur in order to benefit SunEdison.

210.    SunPower is informed and believes, and thereon alleges, that SunEdison, Fong, and Desai were in agreement that Fong breach the Fong Agreement by providing SunPower's Proprietary Information to SunEdison and that SunEdison, Fong, and Desai intended that such breach occur in order to benefit SunEdison.

## TWELFTH CAUSE OF ACTION

### (BREACH OF DUTY OF LOYALTY)

### (MESSER AND FONG)

211.    SunPower hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 210.

212.    Fong was an employee of SunPower until August 29, 2013.  This employment relationship gave rise to a duty of loyalty.

213.    Fong breached the duty of loyalty that he owed to his employer SunPower, by competing with SunPower and taking SunPower's non-trade secret Proprietary Information for his own and SunEdison's benefit during his employment with SunPower.

214.    Messer was an employee of SunPower until July 29, 2011.  This employment relationship gave rise to a duty of loyalty.

215.    Messer breached the duty of loyalty that he owed to his employer SunPower, by competing with SunPower and taking SunPower's non-trade secret Proprietary Information for his own and SunEdison's benefit during his employment with SunPower.

216.    As a foreseeable, direct and proximate result of Messer and Fong's breach of loyalty, SunPower has suffered irreparable injury to its rights and pecuniary damages. SunPower will continue to suffer such injury, loss, and damage unless and until Messer and Fong are enjoined from disclosing SunPower's non-trade secret Proprietary Information.

## THIRTEENTH CAUSE OF ACTION

### (UNFAIR COMPETITION)

### (MESSER, FONG, DESAI, AND SUNEDISON)

217.    SunPower hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 216.

218.    This is a cause of action for Unfair Competition under the California common law.

219.    Messer's acts of Breach of Contract, Breach of Confidence, Conversion, Trespass to Chattels, Interference with Prospective Economic Advantage, Breach of the

-35-                                                   **COMPLAINT**

Implied Covenant of Good Faith and Fair Dealing, Conspiracy to Breach of Contract, and Breach of Duty of Loyalty alleged herein constitute unlawful, unfair, and fraudulent business practices in violation of the California common law of Unfair Competition.

220. Fong's acts of Breach of Contract, Breach of Confidence, Conversion, Trespass to Chattels, Interference with Prospective Economic Advantage, Breach of the Implied Covenant of Good Faith and Fair Dealing, Conspiracy to Breach of Contract, and Breach of Duty of Loyalty alleged herein constitute unlawful, unfair, and fraudulent business practices in violation of the California common law of Unfair Competition.

221. Desai's acts of Breach of Contract, Conversion, Trespass to Chattels, Interference with Prospective Economic Advantage, Interference with Contractual Relationships, Induced Breach of Contract, and Conspiracy to Breach of Contract alleged herein constitute unlawful, unfair, and fraudulent business practices in violation of the California common law of Unfair Competition.

222. SunEdison's acts of Breach of Contract, Conversion, Trespass to Chattels, Interference with Prospective Economic Advantage, Interference with Contractual Relationships, Induced Breach of Contract, and Conspiracy to Breach of Contract alleged herein constitute unlawful, unfair, and fraudulent business practices in violation of the California common law of Unfair Competition.

223. The aforementioned acts of Messer, Fong, Desai and SunEdison were and continue to be willful, oppressive, fraudulent, and malicious, warranting an award of punitive damages in addition to the actual damages suffered by SunPower.

224. As a direct and proximate result of Messer, Fong, Desai, and SunEdison's willful, improper, and unlawful conduct, SunPower has suffered, and will continue to suffer, great harm and damage. SunPower will continue to be irreparably damaged unless Messer, Fong, Desai, and SunEdison are enjoined from further committing unfair and unlawful business practices against SunPower and SunPower's business.

COMPLAINT

# FOURTEENTH CAUSE OF ACTION

## (STATUTORY UNFAIR COMPETITION)

## (MESSER, FONG, DESAI, AND SUNEDISON)

225.    SunPower hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 224.

226.    This is a cause of action for Statutory Unfair Competition under California Bus. & Prof. Code § 17200, et seq.

227.    Messer's acts of Breach of Contract, Breach of Confidence, Conversion, Trespass to Chattels, Interference with Prospective Economic Advantage, Breach of the Implied Covenant of Good Faith and Fair Dealing, Conspiracy to Breach of Contract, and Breach of Duty of Loyalty alleged herein constitute unlawful, unfair, and fraudulent business practices in violation of California Bus. & Prof. Code § 17200, et seq.

228.    Fong's acts of Breach of Contract, Breach of Confidence, Conversion, Trespass to Chattels, Interference with Prospective Economic Advantage, Breach of the Implied Covenant of Good Faith and Fair Dealing, Conspiracy to Breach of Contract, and Breach of Duty of Loyalty alleged herein constitute unlawful, unfair, and fraudulent business practices in violation of California Bus. & Prof. Code § 17200, et seq.

229.    Desai's acts of Breach of Contract, Conversion, Trespass to Chattels, Interference with Prospective Economic Advantage, Interference with Contractual Relationships, Induced Breach of Contract, and Conspiracy to Breach of Contract alleged herein constitute unlawful, unfair, and fraudulent business practices in violation of California Bus. & Prof. Code § 17200, et seq.

230.    SunEdison's acts of Breach of Contract, Conversion, Trespass to Chattels, Interference with Prospective Economic Advantage, Interference with Contractual Relationships, Induced Breach of Contract, and Conspiracy to Breach of Contract alleged herein constitute unlawful, unfair, and fraudulent business practices in violation of California Bus. & Prof. Code § 17200, et seq.

/ / /

231.    As a direct and proximate result of Messer, Fong, Desai, and SunEdison's willful, improper, and unlawful conduct, SunPower has suffered, and will continue to suffer, great harm and damage.  SunPower will continue to be irreparably damaged unless Messer, Fong, Desai, and SunEdison are enjoined from further committing unfair and unlawful business practices against SunPower and SunPower's business.

## PRAYER FOR RELIEF

WHEREFORE, SunPower prays for judgment in its favor against Defendants for the following relief:

A.    That Messer and Fong be adjudged to have violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and that Messer and Fong's acts in doing so be adjudged willful, malicious, oppressive, and done knowingly;

B.    That Messer, Fong, and SunEdison be adjudged to have misappropriated SunPower's trade secrets in violation of the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 *et seq*., and that Messer, Fong, and SunEdison's acts in doing so be adjudged willful, malicious, oppressive, and done knowingly;

C.    That Messer be adjudged to have breached the Messer Agreement with SunPower, under the common law of the State of California, and that Messer's acts in doing so be adjudged willful, malicious, oppressive, and done knowingly;

D.    That Fong be adjudged to have breached the Fong Agreement with SunPower, under the common law of the State of California, and that Fong's acts in doing so be adjudged willful, malicious, oppressive, and done knowingly;

E.    That Desai be adjudged to have breached the Desai Agreement with SunPower, under the common law of the State of California, and that Desai's acts in doing so be adjudged willful, malicious, oppressive, and done knowingly;

F.

G.     That SunEdison be adjudged to have induced Messer's breach of the Messer Agreement with SunPower, under the common law of the State of California, and that such acts in doing so be adjudged willful, malicious, oppressive, and done knowingly;

H.     That SunEdison and Desai be adjudged to have induced Fong's breach of the Fong Agreement with SunPower, under the common law of the State of California, and that such acts in doing so be adjudged willful, malicious, oppressive, and done knowingly;

I.     That SunEdison and Messer be adjudged to have conspired to induce Messer's breach of the Messer Agreement with SunPower, under the common law of the State of California, and that such acts in doing so be adjudged willful, malicious, oppressive, and done knowingly;

J.     That SunEdison, Desai, and Fong be adjudged to have conspired to induce Fong's breach of the Messer Agreement with SunPower, under the common law of the State of California, and that such acts in doing so be adjudged willful, malicious, oppressive, and done knowingly;

K.     That Messer and Fong be adjudged to have breached their duty of confidence owed to SunPower under the common law of the State of California, and that Messer and Fong's acts in doing so be adjudged willful, malicious, oppressive, and done knowingly;

L.     That Messer and Fong be adjudged to have breached their duty of loyalty owed to SunPower under the common law of the State of California, and that Messer and Fong's acts in doing so be adjudged willful, malicious, oppressive, and done knowingly;

M.     That Messer, Fong, Desai and SunEdison be adjudged to have interfered with SunPower's ownership and possessory rights to SunPower's non-trade secret Proprietary Information, without lawful justification, with every intention of exercising those rights as though they were theirs, under the common law of the State of California, and that Messer, Fong, Desai and SunEdison's acts in doing so be adjudged willful, malicious, oppressive, and done knowingly;

N.     That Messer, Fong, Desai and SunEdison be adjudged to have interfered with SunPower's ownership and/or possessory rights to SunPower's non-trade secret Proprietary

COMPLAINT

Information under the common law of the State of California, and that Defendants' acts in doing so be adjudged willful, malicious, oppressive, and done knowingly;

O.  That Messer, Fong, Desai, and SunEdison be adjudged to have intentionally interfered with SunPower's prospective business advantage, under the common law of the State of California, and that Messer, Fong, Desai and SunEdison's acts in doing so be adjudged willful, malicious, oppressive, and done knowingly;

P.  That Messer and Fong be adjudged to have breached the implied covenant of good faith and fair dealing, under the common law of the State of California, and that Messer and Fong's acts in doing so be adjudged oppressive, fraudulent, willful, malicious, and done knowingly;

Q.  That SunEdison and Desai be adjudged to have interfered with SunPower's contractual relations, under the common laws of the State of California, and that Desai and SunEdison's acts in doing so be adjudged willful malicious, oppressive, and done knowingly;

R.  That Messer, Fong, Desai and SunEdison be adjudged to have competed unfairly with SunPower, under the common law of the State of California, and that Messer, Fong, Desai and SunEdison's acts in doing so be adjudged willful, malicious, oppressive, and done knowingly;

S.  That Messer, Fong, Desai, and SunEdison be adjudged to have competed unfairly with SunPower under California Business and Professions Code § 17200, and that Messer, Fong, Desai, and SunEdison's acts in doing so be adjudged willful, malicious, oppressive, and done knowingly;

T.  That Defendants be adjudged to have been unjustly enriched;

U.  That Messer, Fong, and SunEdison, their respective agents, servants, employees and attorneys, and all those persons in active concert or participation with it, be forthwith temporarily, preliminarily and thereafter permanently enjoined, pursuant to Federal Rule Civil Procedure 65 and Uniform Trade Secrets Act, Cal. Civ. Code § 3426.2 to return all of SunPower's trade secrets; and from further disclosing to any third parties any of SunPower's trade secret information;

COMPLAINT

V.     That Messer, Fong, and SunEdison, their respective agents, servants, employees and attorneys, and all those persons in active concert or participation with it, be forthwith temporarily, preliminarily and thereafter permanently enjoined, pursuant to Federal Rule Civil Procedure 65, 18 U.S.C. § 1030 (g), California Business and Professions Code § 17200, and the common law of the State of California to return all of SunPower's non-trade secret Proprietary Information; from further disclosing to any third parties any of SunPower's non-trade secret Proprietary Information; and from unfairly competing with SunPower in any manner;

W.     That Messer, Fong, Desai and SunEdison be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which Messer, Fong, Desai and SunEdison have complied with the injunction;

X.     That Defendants be required to account to SunPower for any and all gains, profits and advantages derived by it, and all damages sustained by SunPower, by reason of Defendants' acts complained herein;

Y.     An order imposing a constructive trust for the benefit of SunPower over: (1) any trade secrets Messer, Fong, and SunEdison obtained from SunPower; (2) any profits, revenues, or other benefits obtained by Messer, Fong, and SunEdison as a result of any disclosure or use of trade secrets obtained from SunPower; (3) any proprietary information obtained from SunPower; and (4) any profits, revenues, or other benefits obtained by Messer, Fong, Desai and SunEdison as a result of any disclosure or use of proprietary information obtained from SunPower; and

/ / /

/ / /

/ / /

/ / /

COMPLAINT

Z.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 3, 2015                    By: /s/ *Boris Zelkind*
                                            Michael K. Friedland
                                            Boris Zelkind
                                            Amy C. Chun
                                            Ali S. Razai

                                       Attorneys for Plaintiff
                                       SUNPOWER CORPORATION

-42-                                                    **COMPLAINT**

1

**<u>DEMAND FOR JURY TRIAL</u>**

2        SunPower hereby demands a trial by jury on all issues so triable.

3

4                                          Respectfully submitted,

5                                          KNOBBE, MARTENS, OLSON & BEAR, LLP

6

7    Dated:  June 3, 2015                  By: /s/ *Boris Zelkind*
                                               Michael K. Friedland
8                                              Boris Zelkind
                                               Amy C. Chun
9                                              Ali S. Razai

10                                         Attorneys for Plaintiff
                                           SUNPOWER CORPORATION
11

     20816626
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              -43-                                    **COMPLAINT**