UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNPOWER CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>SUNEDISON, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-02462-WHO<br><br>**ORDER DENYING MOTION TO SEAL WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 4 |

Plaintiff SunPower Corporation seeks leave to file an unredacted version of its complaint and Exhibit H to the complaint under seal. Dkt. No. 4. SunPower's motion is DENIED WITHOUT PREJUDICE.

Courts have long recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978). This right is not absolute. To balance the competing interests of the public's right of access against litigants' need for confidentiality, a party seeking to file materials related to dispositive motions under seal must provide "compelling reasons" to do so. *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1180 (9th Cir. 2006).

Courts in this District treat a complaint as a dispositive motion for sealing purposes. *See, e.g., Rieckborn v. Velti PLC*, No. 13-cv-03889-WHO, 2014 WL 4964313, at *2 (N.D. Cal. Oct. 3, 2014); *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *1 (N.D. Cal. Aug. 20, 2014). Moreover, the material that SunPower seeks to redact is material to at least its claims for breach of contract and conversion. Accordingly, to seal the complaint and its Exhibit H, SunPower must "articulate compelling reasons supported by specific factual findings," providing the court with "articulable facts" identifying the particular interests favoring secrecy and

showing how those interests outweigh the "strong presumption" favoring disclosure. *Kamakana*, 447 F.3d at 1178-81. In general, compelling reasons sufficient to justify sealing exist when the materials "might have become a vehicle for improper purposes, such as ... to gratify private spite, promote public scandal, ... or release trade secrets." *Id.* at 1179. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

In support of its motion, SunPower states only that the unredacted complaint "includes portions that are confidential as they disclose information contained in a confidential agreement" between SunPower and the defendant and that Exhibit H is a copy of the confidential agreement. Dkt. No. 4-1 ¶¶ 4, 6. That is insufficient. If SunPower still wishes to seal its complaint and Exhibit H to the complaint, it must submit a new declaration within 21 days of this order that articulates "compelling reasons supported by specific factual findings" that justify sealing. *Kamakana,* 447 F.3d at 1178-79.

**IT IS SO ORDERED**.

Dated: July 17, 2015



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California