Michael Friedland (State Bar No. 157,217)
mfriedland@kmob.com
Amy C. Chun (Bar No. 204052)
amy.chun@knobbe.com
Ali S. Razai (Bar No. 246,922)
ali.razai@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
Telephone:  949-760-0404
Facsimile:  949-760-9502

Boris Zelkind (State Bar No. 214,014)
boris.zelkind@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
12790 El Camino Real
San Diego, CA  92130
Phone: (858) 707-4000
Facsimile: (858) 707-4001

Attorneys for Plaintiff
SUNPOWER CORPORATION

[Defendants' counsel listed on next page]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SUNPOWER CORPORATION, a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SUNEDISON, INC., a Delaware corporation; SHANE MESSER, an individual; KENDALL FONG, an individual; and, VIKAS DESAI, an individual,<br><br>    Defendants. | Case No. 3:15-cv-02462-WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:         September 9, 2015<br>Time:         2:00 p.m.<br>Courtroom:    2, 17th Floor<br><br>Hon. William H. Orrick |

Joint Case Management Statement                                    Case No. 3:15-cv-02462-WHO

PROSKAUER ROSE LLP
JOHN P. BARRY (*admitted pro hac vice*)
jbarry@proskauer.com
PIETRO A. DESERIO (*admitted pro hac vice*)
pdeserio@proskauer.com
11 Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

PROSKAUER ROSE LLP
ANTHONY J. ONCIDI (SBN 118135)
aoncidi@proskauer.com
JEREMY M. MITTMAN (SBN 248854)
jmittman@proskauer.com
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

Attorneys for Defendants,
SUNEDISON, INC., SHANE MESSER,
KENDALL FONG, and VIKAS DESAI

Joint Case Management Statement                                    Case No. 3:15-cv-02462-WHO

Plaintiff SunPower Corporation ("SunPower") and Defendants SunEdison, Inc., Shane Messer, Kendall Fong, and Vikas Desai (collectively "Defendants") hereby submit this Joint Case Management Statement and [Proposed] Order pursuant to the Standing Order for All Judges of the Northern District of California, dated November 1, 2014, Civil L.R. 16-9, Patent L.R. 2-1, and the June 18, 2015 Case Management Conference Order [Doc. No. 011].

**1.   JURISDICTION AND SERVICE**

The parties stipulate that venue is proper in this District and that the Court has subject matter jurisdiction over the action pursuant to 18 U.S.C. § 1030(g), 28 U.S.C. § 1331, and 28 U.S.C. § 1367, and that the Court has personal jurisdiction over all Defendants. All parties have been served and there are no additional parties to be joined at this time.

Defendants have filed a motion to dismiss and requested that the Court dismiss certain of SunPower's claims, including its claim under the Computer Fraud and Abuse Act ("CFAA"). Defendants argue that if the Court dismisses SunPower's claim under the CFAA, which is the only federal claim in SunPower's Complaint, the Court would lack jurisdiction over the remaining claims.

SunPower has opposed Defendants' motion to dismiss. Regardless of the outcome of Defendants' motion to dismiss, SunPower has requested that the Court continue exercising its supplemental jurisdiction over SunPower's state law claims. *See Acri v. Varian Assocs.*, 114 F.3d 999, 1000 (9th Cir. 1997) ("That state law claims 'should' be dismissed if federal claims are dismissed before trial … has never meant that they must be dismissed.").

**2.   FACTS**

Plaintiff's Statement:

Founded over 30 years ago and headquartered in Northern California, SunPower is a leading global energy services provider. SunPower designs, manufactures, installs and distributes high efficiency solar panel systems for residential and commercial markets, as well as power plant-scale arrays around the world. SunPower has spent tremendous effort to amass and grow its distribution and sales channels, including the cultivation of its ongoing relationships with dealers who offer SunPower products and with financial institutions that

help provide funding to consumers who want to use SunPower products. SunPower's efforts have included highly sensitive and confidential activities, such as conducting internal competitive analyses, generating market projections, developing negotiation strategies, calculating term sheets for its dealers and financial partners, as well as forming internal back-end architectures customized and tailored to support and manage its business.

In the past few years, SunEdison, one of SunPower's direct competitors, has pursued and retained over twenty employees from SunPower's offices in Italy, Spain and the United States. After the most recent departures of employees from SunPower to join SunEdison, SunPower conducted forensic analyses on these employees' SunPower computers and accounts. The analyses revealed that the employees stole thousands of proprietary SunPower files, which included trade secret and non-trade secret information. These former employees then shared SunPower's files with SunEdison, which knowingly used SunPower's information in an improper attempt to gain a competitive advantage in the marketplace. Accordingly, SunPower was forced to file actions in Italy, Spain, and the United States in order to halt these ongoing violations.

SunPower filed the Complaint in this Action to address the violations by the Defendants in the United States. SunPower has alleged that Defendants Shane Messer and Kendall Fong stole thousands of proprietary SunPower files, which included trade secret and non-trade secret information. Messer and Fong each "exceeded his authority to access" under the Computer Fraud and Abuse Act by accessing SunPower's information with USB drives or other non-SunPower equipment in violation of SunPower's explicit policies.

Messer and Fong's disclosure of SunPower's trade secrets to SunEdison and one of SunEdison's executives, Defendant Vikas Desai, combined with the improper use of that information by SunEdison and Desai, form the basis for SunPower's claims for trade secret misappropriation under the California Uniform Trade Secrets Act.

Messer and Fong's theft of SunPower's proprietary information, wrongful retention of that information, failure to protect that information, and conspiring with SunEdison and/or Desai to use that information to assist SunEdison while still employed by SunPower form the

basis of SunPower's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and conspiracy to breach of contract. SunEdison and Desai's encouragement of Messer and Fong to breach their contracts with SunPower forms the basis for SunPower's claim for conspiracy to breach of contract as well as induced breach of contract.

Messer and Fong's theft of SunPower's non-trade secret proprietary information forms the basis of SunPower's non-contract claims for breach of confidence, conversion, trespass to chattels, interference with prospective business advantage, interference with contractual relationships, breach of duty of loyalty and unfair competition.

Defendants' Statement:

Shane Messer and Kendall Fong are both currently employees of SunEdison, Inc., a manufacturer of advanced solar technology which develops, finances, installs, and operates distributed solar power systems, delivering cost effective electricity and services to its residential, commercial, utility, and government customers. Neither Messer nor Fong stole any SunPower files — much less thousands, as Plaintiff contends. Neither Messer nor Fong left SunPower to join SunEdison and disclose SunPower's information for SunEdison's benefit. Contrary to Plaintiff's allegation, Messer did not immediately join SunEdison following his resignation from SunPower. For nearly two years following his resignation from SunPower, Messer worked for Aleo Solar North America, Inc., before joining SunEdison in the fall of 2013.

Neither Messer nor Fong connected USB devices to SunPower's network in order to misappropriate files. To the extent Messer may have retained any information from his SunPower computer, it was done so with the full knowledge of SunPower's General Counsel, whom Messer contacted via e-mail on the final day of his employment when he sought permission to retrieve and copy personal information (such as a news article about his daughter's basketball team) before returning his work laptop.

Messer and Fond did not provide SunEdison or Vikas Desai with any misappropriated SunPower information, nor did SunEdison or Desai use any such information. Defendants

therefore deny Plaintiff's contentions in their entirety.

Statement of Principal Factual Issues in Dispute:

The parties anticipate the following factual issues will need to be resolved:

1. Did Messer and Fong "exceed [their] authorized access" to SunPower computers under 18 U.S.C. § 1030?
2. Did SunPower have a protectable trade secret? If so, did Defendants acquire the trade secret through improper means? If so, was SunPower damaged as a result?
3. Did Defendants breach their respective agreements with SunPower?
4. Did Messer and Fong breach their duty of confidence owed to SunPower?
5. Did the Defendants convert SunPower's property?
6. Did the Defendants commit trespass to chattels?
7. Did Defendants interfere with SunPower's prospective business advantage?
8. Did Messer and Fong breach their implied covenant of good faith and fair dealing with SunPower?
9. Did Desai and SunEdison interfere with SunPower's contractual relationships?
10. Did Desai and SunEdison induce Messer, Fong, or both to breach their contracts with SunPower?
11. Did Defendants conspire to breach SunPower's contracts with either Messer or Fong?
12. Did Messer and Fong breach their duty of loyalty to SunPower?
13. Did the Defendants commit unfair competition?
14. Did SunPower bring its claim for misappropriation of trade secrets in bad faith, thus entitling Defendants to recover their reasonable attorneys' fees?

**3. LEGAL ISSUES**

The parties anticipate the following legal issues that may need to be resolved:

1. The scope of the 9th Circuit decision of *United States v. Nosal*, 676 F.3d 854 (9th Cir. 2012) as it applies to Plaintiff's Computer Fraud and Abuse claim (18

U.S.C. § 1030).

2. The scope of preemption under the California Uniform Trade Secrets Act (Cal. Civ. Code § 3426 *et seq*).

3. The scope of any injunction that may be granted in this case.

4. Whether enhanced damages are appropriate.

**4.    MOTIONS**

Plaintiff's Statement:

On July 27, 2015, Defendants filed a Motion to Dismiss (Rule 12(b)(6)) [Doc. No. 020]. Plaintiff filed an Opposition on August 10, 2015 [Doc. No. 026]. The Court has scheduled a hearing on Defendants' Motion to Dismiss for September 9, 2015.

Defendants have indicated that they will not respond to any discovery until SunPower has provided disclosure of its trade secrets pursuant to Section 2019.210 of the California Code of Civil Procedure. To the extent that the Court determines that state procedural requirements of Section 2019.210 should apply in this matter, Defendants are not entitled to stay all discovery in this matter, much less stay discovery that is not related to SunPower's trade secret claims, pending SunPower trade secret identification pursuant to Cal. Civ. Proc. Code § 2019.210.

Defendants' Statement:

Defendants have sent Plaintiff a request for a written statement pursuant to Cal. Civ. Proc. Code § 2019.210, asking that it identify its trade secrets with reasonable particularity. Defendants' request is entirely consistent with several recent decisions from the Northern District of California which have concluded that § 2019.210 applies to trade secret disputes in federal court. Defendants have taken the position that Plaintiff should be precluded from taking *any* discovery pending a sufficient response by Plaintiff to Defendants' request under § 2019.210. Defendants further contend that because Plaintiff has not distinguished in its Complaint between its trade secret and non-trade secret information, if Plaintiff is permitted to proceed with discovery on its supposed "non-trade secret" claims, then § 2019.210's requirement would be rendered meaningless.

**5.     AMENDMENT OF PLEADINGS**

As noted above, Defendants filed a Motion to Dismiss (Rule 12(b)(6)) [Doc. No. 020], which Plaintiff has opposed setting forth its reasons why the motion should be denied. However, to the extent that the Court disagrees with Plaintiff, Plaintiff has requested that it be granted leave to amend.

**6.     EVIDENCE PRESERVATION**

The parties acknowledge their obligations regarding evidence preservation and agree to abide by such obligations.

**7.     DISCLOSURES**

By agreement, the parties will complete their Rule 26(a)(1) initial disclosures by August 28, 2015.

**8.     DISCOVERY**

**A.     Discovery Taken to Date**

To date, no formal discovery has been taken by any party.

**B.     Limitations or Modifications of the Discovery Rules**

The parties agree that the number of depositions be limited to ten (10) fact depositions per side, excluding expert witnesses, and that interrogatories be limited to fifty (50) per side.

The parties further agree that draft expert reports or declarations, notes created by or for an expert in connection with preparation of his or her expert report or declaration, and communications between expert witnesses and counsel for the purpose of preparing expert reports are not discoverable except insofar as relied up on by the expert witness in rendering his or her opinion.

**C.     Protective Order**

Given the proprietary and highly sensitive nature of the information at issue in this dispute, the parties agree that a protective order governing the handling of confidential and proprietary information is necessary in this case. The parties have agreed to submit a [Proposed] Stipulated Protective Order Regarding Confidential Information for the Court's approval by no later than September 9, 2015.

**D.      Privileged Information**

The parties agree that all privileged material or attorney work-product information shall be withheld and entered on a privilege log except for communications involving litigation counsel for either side.

The parties acknowledge that regardless of the diligence of any party, an inadvertent production of privileged or attorney work product documents may occur. If a party, through inadvertence, produces or provides discovery that it reasonably believes is privileged or otherwise immune from discovery, the party may claw back the protected document by making a written request to the receiving party specifically identifying the protected document, including the date, author, addressees, and topic of the document as well as a brief explanation substantiating the claim of privilege. If these conditions are met, the receiving party shall sequester (for purposes of challenging the claim of privilege), destroy, or return to the producing party such inadvertently produced materials and all copies thereof within five (5) calendar days of receipt of the written request. Return of the materials shall not constitute an admission or concession, or permit any inference, that the returned materials are, in fact, properly subject to a claim of privilege or immunity from discovery.

The receiving party may challenge the Producing Party's claim of privilege or work-product by making a motion to compel to the Court. If the receiving party sequesters the inadvertently produced materials, such information must not be used or disclosed until the claim is resolved, other than for its motion to compel. Further, the record of the identity and nature of an inadvertently produced document may not be used for any purpose other than in preparation of a motion to compel the production of the same document in this Action. No information in an inadvertently produced document may be used or relied upon for any other purpose in this Action until the Court so orders.

<u>Defendants' Statement</u>

Notwithstanding the above, Defendants request that communications between SunPower and its counsel shall be logged regarding any communications related to the forensic investigation and/or analysis of Defendant Fong or Messer's computer systems,

including their company laptops, prior to the filing of the Complaint, should any such communication exist.

### E. Electronically Stored Information

The parties have met and conferred on the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information and will work with the Court's Guidelines for Discovery of ESI to cooperatively address issues of preservation, collection and production of ESI in this matter.

## 9. CLASS ACTIONS

This is not a class action.

## 10. RELATED CASES

There are no pending related cases or proceedings before another judge of this Court, or any other court or administrative body in the United States. SunPower has filed lawsuits in Italy and Spain against the corresponding SunEdison foreign entities. These lawsuits are ongoing.

## 11. RELIEF

Plaintiff's Statement:

SunPower is seeking to recover actual damages, enhanced or punitive damages, and attorney's fees. SunPower has not yet made a computation of any category of damages and will require discovery from Defendant and perhaps one or more third parties as well in order to do so. SunPower expects that it will produce such information and supporting documentation through an expert witness and report at the appropriate time pursuant to Fed. R. Civ. P. 26(a)(2) and/or the Court's case scheduling orders in this matter. SunPower is also seeking an injunction permanently enjoining Defendants to return all of SunPower's trade secrets and non-trade secret proprietary information and preventing them from using or disclosing SunPower's protected information to any third party. SunPower also seeks all other further relief this Court deems just.

Defendants' Statement:

Pursuant to Rule 26(a)(1)(A)(iii), Defendants may seek damages against Plaintiff, in

an amount unknown at this time, for attorney's fees and costs under California's Uniform Trade Secret Act (Cal. Civ. Code § 3426.4).

## 12. SETTLEMENT AND ADR

Pursuant to Northern District Local Rule 16-8, the parties have selected private ADR and have agreed to attend a private mediation conducted by a mutually agreed upon experienced mediator at a mutually agreed upon time and location, the costs of which will be split 50/50 by Plaintiff and Defendants.

## 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties consent to the assignment of the case to a magistrate judge for pre-trial discovery purposes. The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

## 14. OTHER REFERENCES

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. NARROWING OF ISSUES

The parties have not yet identified areas where they may narrow the issues in dispute but will revisit this issue following mediation and as discovery progresses.

## 16. EXPEDITED TRIAL PROCEDURE

The parties agree that this case cannot be handled under the Expedited Trial Procedure of General Order 64.

## 17. SCHEDULING

Attachment A contains the joint proposed schedule.

## 18. TRIAL

The parties agree this case will be tried before a jury and anticipate that the trial of this matter will require six to ten days.

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

All parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. The parties do not intend to identify any other entities or persons

that have a financial interest in the subject matter in controversy or in a party to the proceeding and/or have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

### 20. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 21. OTHER

For service of documents on or after August 24, 2015, the parties agree that service of documents by email shall be effective and treated as if served by certified mail for the purposes of calculating response time.

**IT IS SO STIPULATED.**

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 2, 2015    By: /s/ *Ali S. Razai*
                                Michael K. Friedland
                                Boris Zelkind
                                Amy C. Chun
                                Ali S. Razai

Attorneys for Plaintiff
SUNPOWER CORPORATION


PROSKAUER ROSE LLP


Dated: September 2, 2015    By: /s/ *Jeremy M. Mittman*
                                Anthony J. Oncidi
                                John P. Barry
                                Jeremy M. Mittman
                                Pietro A. Deserio

Attorneys for Defendants
SUNEDISON, INC.; SHANE MESSER;
KENDALL FONG; and VIKAS DESAI

<u>ECF CERTIFICATION</u>

Pursuant to Civil L. R. 5-1(i)(3), the filing attorney attests that he has obtained concurrence regarding the filing of this Joint Case Management Statement and [Proposed] Order from the signatory Ali S. Razai, Counsel for Defendants, to this document.

Dated:  September 2, 2015            By: <u>/s/ *Jeremy M. Mittman*</u>
                                         Jeremy M. Mittman

## ATTACHMENT A

## PARTIES' PROPOSED SCHEDULES

| Deadline or Event | Parties' Proposed Date |
|---|---|
| Initial Case Management Conference in Courtroom 2, 17th Floor, SF at 2:00pm | September 9, 2015 (by Court order) |
| Exchange of Initial Expert Disclosure Reports (for party with burden of proof) (FRCP 26(a)(2)(A) and (B)) | May 23, 2016 |
| Exchange of Rebuttal Expert Disclosure Reports | June 27, 2016 |
| Close of Expert Discovery | August 1, 2016 |
| Last court day by which Dispositive Motions are heard | October 14, 2016 |
| Pre-trial Conference | March 20, 2017 |
| Trial | April 17, 2017 |

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated:_____

UNITED STATES DISTRICT JUDGE

21501391

090215